GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9609
Jason L. Solotaroff
Amy E. Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LOREN BROWN, DEVON HARRISON, LARRY KERR,
RAYMOND WATTS, and WILLIAM ZIMMERMAN,

                         Plaintiffs,                         **COMPLAINT**

        -against-                           Dkt. No.

CONSTRUCTION AND REALTY SERVICES GROUP, INC.,
TRADE OFF LLC, TRADE OFF PLUS LLC,
and RONALD LATTANZIO,

                         Defendants.

------------------------------------------------------------------------X

       Plaintiffs Loren Brown, Devon Harrison, Larry Kerr, Raymond Watts and William

Zimmerman, by their attorneys Giskan Solotaroff & Anderson LLP, for their complaint against

Defendants Construction and Realty Services Group Inc. ("CRSG"), Trade Off LLC ("Trade

Off"), Trade Off Plus LLC ("Trade Off Plus"), and Ronald Lattanzio, allege as follows:

### Preliminary Statement

    1.     Plaintiffs bring claims for race discrimination in violation of statutes including

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1981, the New York State

Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). In

addition, two plaintiffs, Devon Harrison and Raymond Watts, bring claims for failure to pay

overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") as well as breach of contract.

2.     Defendants CRSG, Trade Off and Trade Off Plus are all owned by Defendant Lattanzio and are operated as one enterprise. All Plaintiffs were employed at various times for Trade Off. During the period of their employment, Plaintiffs requested to be employed by Trade Off Plus, which paid higher hourly wages and provided better benefits. However, during the relevant period, Defendants refused to hire African Americans to work at Trade Off Plus and instead hired Hispanic and other non-African American employees to work at Trade Off Plus.

3.     In November 2016, Defendants offered Plaintiffs Harrison and Watts a raise of $3per hour if they would, in addition to their full-time work for Trade Off, accept an additional assignment and work around the clock for one week.  Plaintiffs Harrison and Watts accepted and each worked 78 hours of overtime in addition to their 40 hours of weekly work. Defendant Trade Off never paid Plaintiffs Harrison and Watts for the 78 hours and when Plaintiffs complained, Justin Hagedorn, a senior executive for Defendants, told Plaintiffs that if they paid for the overtime hours, the company "wouldn't make any money" and that Plaintiffs were "lucky to have a job." Defendants also failed to give Plaintiffs Harrison and Watts the promised $3 raise.

## THE PARTIES

4.     Plaintiff Loren Brown is a Black African American man who lives in Bronx, New York. Mr. Brown worked for Trade Off from December 2017 to approximately July 2018.

5.     Devon Harrison is a Black African American man who lives in Bronx, New York. Mr. Harrison worked for Trade Off from March 2016 to approximately May 2017.

6.      Larry Kerr is a Black African American man who lives in Brooklyn.  Mr. Kerr worked for Trade Off from November 2013 until January 2018.

7.      Raymond Watts is a Black African American man who lives in Queens, New York. Mr. Watts worked for Trade Off from August 2016 until January 2017.

8.      William Zimmerman is a Black African American man who lives in Brooklyn. Mr. Zimmerman worked at Trade Off from August 1, 2015 until January 8, 2018.

9.      Defendant Construction and Realty Services Group Inc. ("CRSG") is a corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

10.     Defendant Trade Off LLC ("Trade Off") is a corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

11.     Defendant Trade Off Plus LLC ("Trade Off Plus") is a corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

12.     Trade Off and Trade Off Plus are divisions of CRSG. Trade Off, Trade Off Plus and CRSG (collectively "Defendants") have common ownership and directors, share management and human resources services, share payroll and insurance programs, have common employees and managers and share office space. Indeed, Trade Off and Trade Off Plus employees are covered under benefit plans in the name of CRSG.

13.     Ronald Lattanzio, as he acknowledged in an article in Crain's New York Business on October 31, 2018,[1] is the owner of Trade Off. On information and belief, Mr. Lattanzio owns Trade Off through his ownership of CRSG. Mr. Lattanzio lives in New York, New York. Also as

---

[1] https://www.crainsnewyork.com/real-estate/contractor-caught-crossfire-hudson-yards-fight

acknowledged in the Crain's New York Business article, Mr. Lattanzio is actively involved in the operation of his companies and has personal involvement in determining his companies' compliance with anti-discrimination laws.

**VENUE AND JURISDICTION**

14.     This Court has jurisdiction over the Title VII claims of Plaintiffs Brown, Kerr and Zimmerman and the 42 U.S.C. §1981 and FLSA claims pursuant to 28 U.S.C. § 1343 and § 1331.  Each of these plaintiffs filed complaints with the Equal Employment Opportunity Commission ("EEOC") on February 27, 2018. The EEOC issued right to sue letters on these complaints on October 30, 2018. Each of these plaintiffs entered into an agreement with the Defendants to toll the statute of limitations on all of their claims during the period January 29, 2019 to March 29, 2019. The Court has jurisdiction over Plaintiffs' claims under the NYSHRL, the NYCHRL and the New York State Labor Law pursuant to 28 U.S.C. § 1367.

15.     Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

16.     This Court has personal jurisdiction over Defendants because they operate businesses in New York State, conduct business in New York State, and employed Plaintiff within New York State.

**FACTS**

**Plaintiffs' Race Discrimination Claims**

17.      Plaintiffs, who all Black African American males, all worked at Trade Off as laborers and were satisfactory performers.

18.    Each Plaintiff learned that Defendants employed laborers at Trade Off Plus sites where the laborers are paid higher hourly rates and received benefits such as health insurance and 401K benefits.

19.    Each Plaintiff requested to be employed on Trade Plus sites. Each Plaintiff was qualified to be employed on Trade Off Plus sites.

20.    During the time Plaintiffs were employed at Trade Off, Defendants hired employees for Trade Off Plus sites but made a conscious decision to hire no, or certainly fewer than they had previously hired, Black African Americans. Instead, Defendants hired Hispanic and other non-African American persons to work on Trade Off Plus sites.

21.    As a result, Plaintiffs were not hired for Trade Off Plus sites and were damaged in the form of receiving lower wages and no or inferior benefits.

**Overtime and Breach of Contract Claims of Plaintiffs Harrison and Watts**

22.    In November 2016, Plaintiffs Harrison and Watts were employed by CRSG and Trade Off at a construction site on Charlton Street in Manhattan.

23.    Plaintiffs Harrison and Watts were approached by Justin Hagedorn, a senior executive employed by Defendants, and were asked if they wanted additional work.

24.    Mr. Hagedorn told Plaintiffs Harrison and Watts that Trade Off had secured a flagging contract at a construction site on Fulton Street in Manhattan and were looking for a few good workers to work extra shifts. Mr. Hagedorn promised that Plaintiffs Harrison and Watts could continue to work 40 hours per week at Charlton Street and also work an additional 12 to 16 hours a day on the flagging assignment.

25.    Mr. Hagedorn also promised that Plaintiffs Harrison and Watts they would receive a raise from $15 hourly to $18 hourly going forward.

26.     Plaintiffs Harrison and Watts literally worked around the clock for approximately 10 days.  They worked on the flagging assignment for approximately 78 hours in addition to the 40 hours they worked on the Charlton site that week.

27.     Plaintiffs Harrison and Watts were never paid for any of the 78 hours they worked on the flagging assignment. Plaintiffs also did not receive a compensation increase and continued to be paid $15 per hour.

28.     Defendants owe Plaintiff Harrison and Watts $2106 in overtime wages, plus liquidated damages under the FLSA and NYLL.

29.     Defendants also owe Plaintiff an additional amount based on Defendant's breach of the agreement to increase Plaintiffs' wages to $18 hourly.

**FIRST CLAIM FOR RELIEF**
(Race Discrimination Claims of Plaintiffs Brown, Kerr and Zimmerman in Violation of Title VII
Against All Defendants Other Than Lattanzio)

30.     Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs above as if fully set forth herein.

31.     Defendants discriminated against Plaintiffs Brown, Kerr and Zimmerman in the terms and conditions of their employment, based on their race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

**SECOND CLAIM FOR RELIEF**
(Race Discrimination Claims of Plaintiffs in Violation of 42 U.S.C. §1981 Against All
Defendants Other Than Lattanzio)

32.     Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs above as if fully set forth herein.

33. Defendants discriminated against Plaintiffs in the terms and conditions of their employment, based on their race, in violation of 42 U.S.C. §1981.

**THIRD CLAIM FOR RELIEF**
(Race and National Origin Discrimination in Violation of NYSHRL Against All Defendants)

34. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs above as if fully set forth herein.

35. Defendants discriminated against Plaintiffs in the terms and conditions of their employment based on their race and national origin in violation of the NYSHRL.

**FOURTH CLAIM FOR RELIEF**
(Race and National Origin Discrimination in Violation of NYCHRL Against All Defendants)

36. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs above as if fully set forth herein.

37. Defendants discriminated against Plaintiffs in the terms and conditions of their employment based on their race and national origin in violation of the NYCHRL.

**FIFTH CLAIM FOR RELIEF**
(Fair Labor Standards Act Claims of Plaintiffs Harrison and Watts)

38. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs above as if fully set forth herein.

39. At all times relevant to this action, Plaintiffs Harrison and Watts were employed by Defendants within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiffs Harrison and Watts were engaged in commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

41.     Defendants willfully failed to pay Plaintiffs Harrison and Watts overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

42.     Defendant failed to keep appropriate and accurate payroll and time records as required by federal law.

43.     Due to Defendant's FLSA violations, Plaintiffs Harrison and Watts are entitled to recover from Defendant, jointly and severally, her unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SIXTH CLAIM FOR RELIEF
**(**New York Labor Law Claims of Plaintiffs Harrison and Watts**)**

44.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

45.     At all times relevant to this action, Plaintiffs Harrison and Watts were employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

46.     Defendants willfully violated the rights of Plaintiffs Harrison and Watts by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

47.     Defendants willfully violated the rights of Plaintiffs Harrison and Watts by failing to pay them an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

48.    Due to Defendants' New York Labor Law violations, Plaintiffs Harrison and Watts are entitled to recover from Defendants their unpaid overtime compensation, their unpaid "spread of hours" wages, their unpaid wages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

**SEVENTH CLAIM FOR RELIEF**
(Breach of Contract Claims of Plaintiffs Harrison and Watts
Against Defendants CRSG and Trade Off)

49.    Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

50.    Plaintiffs Harrison and Watts entered into an agreement with Defendants CRSG and Trade Off under which Plaintiffs Harrison and Watts agreed to work overtime hours, in additional to their regular full-time hours, in exchange for an $3 hourly wage increase going forward.

51.    Plaintiffs Harrison and Watts performed their obligations under the agreement by working the overtime hours.

52.    Defendants CRSG and Trade Off breached the agreement by failing to provide Plaintiffs Harrison and Watts with the hourly wage increase.

53.    Plaintiffs Harrison and Watts were damaged as a result of not receiving the hourly wage increase.

WHEREFORE, Plaintiff demands judgment:

1.    Awarding Plaintiffs back pay on their discrimination claims;

2.    Awarding Plaintiffs compensatory damages, including but not limited to damages for emotional distress on their discrimination claims;

9

3.      Awarding Plaintiffs punitive damages on their discrimination claims;

4.      Awarding Plaintiffs Harrison and Watts lost wages on their overtime claims;

5.      Awarding Plaintiffs Harrison and Watts liquidated damages under FLSA;

6.      Awarding Plaintiffs Harrison and Watts liquidated damages under NYLL;

7.      Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiffs as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:      New York, New York
            April 1, 2019

                              GISKAN, SOLOTAROFF & ANDERSON LLP


                              s/_____
                       By:    Jason L. Solotaroff
                              Amy E. Robinson
                              217 Centre Street
                              New York, New York 10013
                              646-964-9609
                              jsolotaroff@gslawny.com
                              arobinson@gslawny.com
                              *ATTORNEYS FOR PLAINTIFFS*